FILED

FEB 2 5 2010

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JOHN ZOOK,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

ACTION NO. 2:09cv109

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, John Zook ("Zook"), brought this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act").

This action was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), by order of reference filed August 13, 2009. For the reasons expressed herein, the Court RECOMMENDS that the Commissioner's decision be AFFIRMED and the case be DISMISSED.

## I. PROCEDURAL BACKGROUND

On May 15, 2007, Zook filed an application for DIB and SSI alleging an onset of disability as of May 3, 2007, due to injuries sustained in a car accident, including a fractured hip and

dislocated pelvis. (R.[1] at 11, 106.) Zook's application was denied by the Social Security Administration initially on July 19, 2007 (R. at 39), and upon reconsideration on August 9, 2007 (R. at 41).

On September 26, 2007, Zook requested a hearing before an Administrative Law Judge ("ALJ") of the Social Security Administration. (R. at 69.) That hearing was held in Norfolk, Virginia, on April 10, 2008. (R. at 18.) Zook testified at the hearing (R. at 21-31); he was represented by his attorney, A. Andrew Ege. (R. at 18, 21-38). Robin D. Stromberg, a vocational expert, was also present and testified at the hearing. (R. at 18, 31-38.) On July 8, 2008, the ALJ issued a decision finding that Zook was not disabled within the meaning of the Act because he had the residual functional capacity ("RFC") to work in the national economy. (R. at 25, 27.)

On August 7, 2008, Zook requested review of the ALJ's decision by the Appeals Council of the Office of Hearings and Appeals ("Appeals Council"). (R. at 4.) The Appeals Council denied Zook's request for review on January 16, 2009, stating that it found no reason to review or change the ALJ's decision. (R. at 1-3.) This makes the ALJ's decision the "final decision" of the Commissioner subject to judicial review here, pursuant to 42 U.S.C. § 405(g).

---

[1] "R." refers to the transcript of the administrative record of proceedings relating to this case.

2

See 20 C.F.R. §§ 404.981, 416.1481.

Zook brought the instant action seeking judicial review of the decision of the Commissioner denying his claims for DIB and SSI. Zook filed the instant complaint on March 12, 2009, which Defendant answered on August 11, 2009. Zook filed a motion for summary judgment with a memorandum in support on September 14, 2009. Defendant filed a motion for summary judgment with a memorandum in support and in opposition to Zook's motion for summary judgment on October 13, 2009. The Court received no response from Zook to Defendant's motion for summary judgment. Neither party has indicated special circumstances requiring oral argument in this matter; therefore, the case is deemed submitted for decision based on the memoranda.

## II.  **FACTUAL BACKGROUND**

Zook is a forty-five (45) year old male, who was forty-two (42) on the date of the alleged onset of his disability and forty-three (43) at the time of the ALJ's July 8, 2009 decision. (R. at 21.) Zook completed eleventh grade, and he has worked in the past owning and operating a garage door company with his father and as a subcontractor. (R. at 23.) Zook alleges that he became disabled as of May 3, 2007, due to pain and movement restriction caused by a fractured hip and dislocated pelvis, which are exacerbated by his obesity. (R. at 11, 24-26, 106.)

The ALJ found that, at the time of the April 10, 2008 hearing,

3

Zook suffered from residual pain secondary to right hip fracture and right pelvis dislocation, neck pain secondary to degenerative disc disease of the cervical spine, and obesity, all of which the ALJ found to be severe impairments. (R. at 10.) The ALJ found that Zook's alcohol abuse was non-severe. Id. Though the ALJ found that Zook had multiple severe impairments, the ALJ found that these impairments did not meet or exceed one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. (R. at 11.) The ALJ then found that Zook had the RFC to perform a limited range of sedentary work. Id. The ALJ found that Zook could not return to his past work because his previous jobs required work at the "very heavy exertional level" (R. at 13), however there are jobs in the national economy that Zook could perform (R. at 14). Accordingly, the ALJ found that Zook was not disabled within the meaning of the Act. (R. at 14.)

### III. **STANDARD FOR SUMMARY JUDGMENT**

The Court shall grant summary judgment if, viewing the record as a whole, "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). For the evidence to present a "genuine" issue of material fact, it must be "such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby,

4

<u>Inc.</u>, 477 U.S. 242, 248 (1986). Facts are deemed material if they might affect the outcome of the case. <u>Celotex Corp</u>, 477 U.S. at 322-27. In other words, the moving party's submission must foreclose the possibility of the existence of facts from which it would be open to a jury to make inferences favorable to the non-movant. <u>Id.</u>

In deciding a summary judgment motion, the Court must "view[] the record as a whole in the light most favorable to the non-movant." <u>Terry's Floor Fashions, Inc. v. Burlington Indus., Inc.</u>, 763 F.2d 604, 610 (4th Cir. 1985). If "the evidence . . . is so one-sided that one party must prevail as a matter of law," the Court should grant summary judgment in that party's favor. <u>Anderson</u>, 477 U.S. at 251-52. Moreover, summary judgment must be granted where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," <u>Celotex</u>, 477 U.S. at 322, as the non-moving party is required to "set out specific facts showing a genuine issue for trial" with respect to that element. Fed. R. Civ. P. 56(e)(2).

When confronted with cross-motions for summary judgment, "the standards upon which the Court evaluates the motions for summary judgment do not change." <u>Taft Broad. Co. v. United States</u>, 929 F.2d 240, 248 (6th Cir. 1991). "[T]he court must review each motion separately on its own merits 'to determine whether either of

5

the parties deserves judgment as a matter of law.'" <u>Rossignol v.</u>
<u>Voorhaar</u>, 316 F.3d 516, 523 (4th Cir. 2003) (quoting <u>Philip Morris</u>
<u>Inc. v. Harshbarger</u>, 122 F.3d 58, 62 n.4 (1st Cir. 1997)).

## IV. **STANDARD FOR REVIEW OF THE COMMISSIONER'S DETERMINATION**

The Commissioner ultimately held that Zook was not under a
disability within the meaning of the Act. Under 42 U.S.C.
§ 405(g), the scope of judicial review of the Commissioner's final
decision is "specific and narrow." <u>Smith v. Schweiker</u>, 795 F.2d
343, 345 (4th Cir. 1986). This Court's review of that decision is
limited to determining whether there is substantial evidence in the
administrative record to support the Commissioner's decision. 42
U.S.C. § 405(g); <u>Hunter v. Sullivan</u>, 993 F.2d 31, 34 (4th Cir.
1992) (per curiam), <u>superceded in non-relevant part by</u> 20
C.F.R. § 404.1517(d)(2); <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456
(4th Cir. 1990). "Substantial evidence means 'such relevant
evidence as a reasonable mind might accept as adequate to support
a conclusion.'" <u>Hunter</u>, 993 F.2d at 34 (quoting <u>Richardson v.</u>
<u>Perales</u>, 402 U.S. 389, 401 (1971)). "It consists of more than a
mere scintilla of evidence but may be somewhat less than a
preponderance." <u>Id.</u> (quoting <u>Laws v. Celebrezze</u>, 368 F.2d 640, 642
(4th Cir. 1966)).

The Commissioner has the duty "to make findings of fact and to
resolve conflicts in the evidence." <u>Hays</u>, 907 F.2d at 1456 (citing
<u>King v. Califano</u>, 599 F.2d 597, 599 (4th Cir. 1979)). The Court

"do[es] not conduct a *de novo* review of the evidence" or of the Commissioner's findings. Schweiker, 795 F.2d at 345. In reviewing for substantial evidence, the Court "do[es] not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citing Hays, 907 F.2d at 1456). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." Id. (quoting Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). The denial of benefits will be reversed only if no reasonable mind could accept the record as adequate to support the determination. Richardson, 402 U.S. at 401. The issue before this Court, therefore, is not whether Zook is disabled, but whether the Commissioner's finding that Zook is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. See id.; Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987) ("A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law.").

## V. **ANALYSIS**

The Social Security Regulations define "disability" for the purpose of obtaining disability benefits under Title II of the Act as the "inability to do any substantial gainful activity by reason

of any medically determinable physical or mental impairment[2] which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); <u>see also</u> 42 U.S.C. § 423(d)(1)(A). To meet this definition, the claimant must have a severe impairment that makes it impossible to do previous work or any other substantial gainful activity[3] that exists in the national economy. 20 C.F.R. §§ 404.1505(a), 416.905(a); <u>see also</u> 42 U.S.C. § 423(d)(2)(A).

## A. <u>Development of the Administrative Record</u>

Generally, "the ALJ has a duty to explore all relevant facts and inquire into issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." <u>Cook v. Heckler</u>, 783 F.2d 1168, 1173 (4th Cir. 1986). The ALJ may develop the record by questioning witnesses, requesting evidence, and subpoenaing witnesses. 20 C.F.R. §§ 404.944, 404.950(d), 416.1444, 416.1450(d). However, the Court notes that it is the plaintiff's

---

[2] "[A] 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

[3] "Substantial gainful activity means work that (a) [i]nvolves doing significant and productive physical or mental duties; and (b) [i]s done (or intended) for pay or profit." 20 C.F.R. §§ 404.1510, 416.910.

8

burden to present evidence of disability, Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981), and the plaintiff bears the risk of non-persuasion, Seacrist v. Weinberger, 538 F.2d 1054, 1057 (4th Cir. 1976). "[T]he ALJ is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record." Clark v. Shalala, 28 F.3d 828, 830-31 (8th Cir. 1994). Though "the ALJ bears some responsibility for development of the record, at the same time the ALJ is entitled to assume that a claimant represented by counsel is making his strongest case for benefits." Nicholson v. Astrue, 341 F. App'x. 248, 253 (7th Cir. 2009)(internal citations and quotations omitted).

Zook argues that the ALJ failed to adequately develop the administrative record in three ways: (1) the ALJ failed to obtain medical records from Zook's treating physician, Dr. Harry J. Molligan, subsequent to February 26, 2008; (2) the ALJ failed to recontact Dr. Molligan; and (3) the ALJ failed to obtain a consultative examination of Zook. The Court addresses each argument in turn.

The Fourth Circuit has held that a case should be remanded for failure to develop the administrative record "[w]here the ALJ fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant . . ." Marsh v. Harris, 632 F.2d 296, 300 (4th Cir. 1980)(emphasis added). "Prejudice can be established by showing

9

that additional evidence would have been produced . . . and that the additional evidence might have led to a different decision." Ripely v. Chater, 67 F.3d 552, 557 n. 22 (5th Cir. 1995). If a plaintiff fails to show that he/she was prejudiced by the ALJ's failure to develop the record, remand is not warranted. See Brown v. Shalala, 44 F.3d 931, 935 (11th Cir. 1995)("[T]here must be a showing of prejudice before [the court] will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record."). Therefore, "[a]n omission from the record is significant only if it is prejudicial to the claimant." Nicholson, 341 F. App'x at 253.

Zook argues that the ALJ failed to develop a complete record because he did not obtain additional medical records from Dr. Molligan.[4] However, Zook does not state how he was prejudiced by

---

[4] Zook also states that "the record before the Administrative Law Judge at the time of his decision did not contain medical evidence which addressed a 12 month period from the date of the Plaintiff's injury." (Pl.'s Br. at 5.) It is not significant that the ALJ did not review a full twelve months of medical records. The twelve month requirement comes from 42 U.S.C. § 423(d)(1), which defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." Here, Zook's injury occurred less than twelve months before his administrative hearing. From the evidence presented, the ALJ had the ability to determine whether Zook was disabled within the meaning of the Act: the ALJ could have found that Zook's impairments could be expected to last for more than twelve months and he could not work because of them; or, alternatively, the ALJ could have found, as he did, that Zook had the ability to work or

the ALJ's decision that the records through February 26, 2008, were sufficient. Zook does not proffer what Dr. Molligan's subsequent medical records would indicate, nor does he argue that the records from Dr. Molligan contain any evidence that would affect the ALJ's decision. See George v. Astrue, No. 09-10147, 2009 WL 1950266, at *2 (11th Cir. July 8, 2009). Accordingly, with there being no indication that additional medical records from Dr. Molligan would influence the ALJ's disability determination, the Court finds that the ALJ did not err by failing to obtain Dr. Molligan's records subsequent to February 26, 2008.

Furthermore, Zook's argument is weakened by the fact that Zook's attorney stated at the hearing that Zook would be supplementing the record with an additional medical report from Dr. Molligan. (R. at 36-37.) Zook's attorney asked to keep the record open for this purpose. Id. The ALJ gave Zook ten days to provide additional evidence, but stated, "[i]f you need more time, let me know." (R. at 37.) The Court believes this conversation clearly reveals that Zook was aware that he could submit additional evidence and he had the opportunity to do so. Indeed, Zook submitted additional medical records from Sentara Norfolk General Hospital on May 1, 2008. (R. at 245.)

Zook also argues that the ALJ failed to develop the

could be expected to have the ability to work within twelve months and therefore is not disabled.

11

administrative record because he did not recontact Dr. Molligan.
Zook bases his argument upon 20 C.F.R. §§ 404.1512(e) and
416.912(e), which provide:

> Recontacting medical sources. When the evidence we
> receive from your treating physician or psychologist or
> other medical source is inadequate for us to determine
> whether you are disabled, we will need additional
> information to reach a determination or a decision. To
> obtain the information, we will take the following
> actions.
>
>> (1) We will first recontact your treating
>> physician or psychologist or other medical
>> source to determine whether the additional
>> information we need is readily available. We
>> will seek additional evidence or clarification
>> from your medical source when the report from
>> your medical source contains a conflict or
>> ambiguity that must be resolved, the report
>> does not contain all the necessary
>> information, or does not appear to be based on
>> medically acceptable clinical and laboratory
>> diagnostic techniques . . . .

Zook argues that because the ALJ only had Dr. Molligan's medical
records through February 26, 2008, the evidence was insufficient to
determine the severity of Zook's condition and the ALJ had a duty
to obtain a new report. The Court disagrees. It is clear that the
ALJ only has a duty to recontact a treating physician if the report
"does not contain all the necessary information." Here, Dr.
Molligan's records through February 26, 2008, contained sufficient
information from which the ALJ could make his disability
determination. Dr. Molligan's records track the progress of Zook's
recovery and include Zook's own reports about his pain and activity
levels. (R. at 233-40.) Overall, the records indicate that Zook

12

continued to have some pain and limitations, Id., but he reported feeling better, (R. at 233).

Additionally, Dr. Molligan's records are consistent with the other evidence on record. The physical therapy records show satisfactory progress, a decrease in hip pain, and continued limitations in range of motion and weakness in the hip, foot, and leg. (R. at 213.) The records from John E. Zallnick, PA-C, indicate Zook was pleased with the progress he made in physical therapy, he had good strength with hip flexion and knee extension, he still had some discomfort with limited range of motion in his hip, his fracture was improving, he had issues with sensation in his right foot, and he was advised to do only semi-sedentary work with no lifting greater than ten pounds repetitively. (R. at 239.) Zook testified at the hearing that he is able to do house work, including washing dishes and laundry, and he rotates among sitting, standing and laying down throughout the day. (R. at 27, 31.) From these records, the ALJ was able to determine that Zook was able to perform sedentary work during his recovery from the car accident, and therefore he was not disabled under the Act. There was nothing to indicate more information from Dr. Molligan was required.

Moreover, even if the ALJ were required to recontact Dr. Molligan, the plaintiff still has made no showing of prejudice. See Newton v. Apfel, 209 F.3d 448, 458 (5th Cir. 2000)(explaining

13

that a complainant must show that additional evidence would have been produced by recontact with treating physician, and that it would have led to a different decision). Accordingly, any error in failing to comply with the regulations was merely harmless. See Coleman v. Astrue, No. 2:06cv066, 2007 WL 3088074, at *6 (W.D. Va. 2007).

Zook next argues that the ALJ failed to develop the administrative record because the ALJ did not arrange for a consultative examination. 20 C.F.R. §§ 404.1512(f) and 416.912(f) provide that a consultative examination is required when the needed information "is not readily available from the records of [the claimant's] medical treatment source, or [the Commissioner is] unable to seek clarification from [the claimant's] medical source." A consultative examination is also required when the evidence in the record, as a whole, is not sufficient to support a decision or when "[t]here is an indication of a change in [the claimant's] condition that is likely to affect [the claimant's] ability to work, but the current severity of [the claimant's] impairment is not established." 20 C.F.R. §§ 1519a(b), 416.919a(b). "[T]he decision to order a consultative examination is committed to the discretion of the ALJ, and where the record as a whole provides sufficient, unambiguous, and non-conflicting evidence to support the ALJ's decision, a consultative examination is not required." Keplinger v. Astrue, No. 5:07cv 099, 2008 WL 4790663, at *5 (W.D.

14

Va. Nov. 3, 2008).

In this case, the ALJ did not experience any difficulty receiving information from Zook's medical sources, and the medical evidence provided was thorough and consistent. As discussed above, the medical evidence in the record *is* sufficient to support the ALJ's decision because it reveals Zook recovered to the point of being able to do sedentary work. Additionally, there is no indication that Zook's condition worsened after the date of the last medical record submitted. In contrast, the medical records indicate improvement over time. Zook had the opportunity to present additional medical evidence if he felt the record did not adequately reflect his current medical condition, and it is reasonable to assume that Zook would have done so had that medical evidence supported his disability claim. Consequently, the ALJ was not obligated to order a consultative examination, and he properly and adequately developed the administrative record.

## B. **Sequential Disability Analysis**

The Commissioner follows a five-step sequential analysis to ascertain whether a claimant is disabled, which is set forth at 20 C.F.R. § 404.1520. See Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981). Under this process, the ALJ must determine in sequence:

(1) Whether the claimant is engaged in substantial gainful activity (i.e., whether the claimant is working). If so,

15

the claimant is *not* disabled and the inquiry is halted.
20 C.F.R. §§ 404.1520(a)(4)(i), (b); 416.920(a)(4)(i),
(b).

(2)  Whether the claimant has a severe impairment (i.e.,
whether the claimant has an impairment that
"significantly limits [the claimant's] physical or mental
ability to do basic work activities"). If not, the
claimant is *not* disabled and the inquiry is halted. Id.
§§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii), (c).

(3)  Whether the impairment meets or equals the medical
criteria of 20 C.F.R., Part 404, Subpart P, Appendix 1,
which sets forth a list of impairments that warrant a
finding of disability without considering vocational
criteria. If so, the claimant *is* disabled and the
inquiry is halted. Id. §§ 404.1520(a)(4)(iii), (d);
416.920(a)(4)(iii), (d).

(4)  Whether the impairment prevents the claimant from
performing past relevant work. If not, the claimant is
*not* disabled and the inquiry is halted. Id.
§§ 404.1520(a)(4)(iv), (f); 416.920(a)(4)(iv), (f).

(5)  Whether the claimant is able to perform any other work
considering the claimant's residual functional capacity[5]

---

[5] "Residual functional capacity" is the most a claimant can do
in a work setting despite the physical and mental limitations of
her impairment and any related symptoms (e.g., pain). See 20

16

and vocational abilities.  If so, the claimant is *not* disabled.   Id.   §§    404.1520(a)(4)(v),    (g); 416.920(a)(4)(v), (g).

### i.  **Steps One Through Three**

At step one of the sequential disability analysis, the ALJ found that Zook had not engaged in substantial gainful activity since the date of alleged onset of disability, May 3, 2007. (R. at 10.)   At step two, the ALJ found that Zook had three severe impairments pursuant to 20 C.F.R. § 404.1520(c) and 416.920(c): residual pain secondary to right hip fracture and right pelvis dislocation, status post open reduction and internal fixation; neck pain secondary to degenerative disc disease of the cervical spine; and obesity.   Id.   Finally, at step three of the sequential disability analysis, the ALJ found that Zook does not have an impairment or combination of impairments that meets or medically equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.   (R. at 10-11.)   Zook does not dispute these findings.

### ii.  **Residual Functional Capacity and Steps Four and Five**

#### a.  **The ALJ's Analysis**

Prior to steps four and five, the ALJ determined Zook's residual functional capacity. (R. at 11.)  This included the ALJ's evaluation of the objective medical evidence in the record,

─────────────

C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

including the findings of treating and other consultative physicians. (R. at 11-13.) The ALJ also considered Zook's testimony and the factors listed in 20 C.F.R. §§ 404.1529(c), 416.929(c). Id. Based on the evidence as a whole, the ALJ determined that Zook retained the residual functional capacity to perform sedentary work with restrictions. "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. . . . Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a). Specifically, the ALJ found:

> [Zook] can lift and/or carry 10 pounds occasionally. He can sit for six hours in an eight-hour workday. He can stand and/or walk for 2 hours in an eight-hour workday. He should be allowed an alternating sit/stand option. The claimant cannot climb. He cannot push or pull with the lower extremities. The claimant is limited to low-stress, simple, repetitive job tasks.

(R. at 11.)

At step four, the ALJ found that Zook did not have the residual functional capacity to perform any past relevant work. Though a claimant bears the initial burden of proving the existence of a disability, 42 U.S.C. § 423(d)(5); 20 C.F.R. §§ 404.1512, 416.912; Smith v. Califano, 592 F.2d 1235, 1236 (4th Cir. 1979), once Zook established at step four that he could not do any past work because of his severe impairments, and because he lacks the

18

residual functional capacity to return to his former employment, the burden shifted to the Commissioner to show at step five that jobs exist in significant numbers in the national or local economy that Zook could perform consistent with his residual functional capacity, age, education, and past work experience, Hunter, 993 F.2d at 35; Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).

Here, the ALJ found that Zook was forty-two years old on his alleged onset of disability date, which classifies Zook as a "younger individual" between 18-49 within the meaning of 20 C.F.R. §§ 404.1563, 416.963. (R. at 14.) The ALJ found that transferability of job skills is not material to the determination of disability in this case because the Medical-Vocational Rules support a finding that Zook is not disabled, regardless of transferability of job skills. Id. After considering the testimony of the vocational expert, the ALJ found that there are sedentary jobs that exist in significant numbers in the national economy that Zook can perform, even with his limitations. (R. at 14-15.) Therefore, at step five, Zook was found to be not disabled. Id.

### b. Zook's Claims

Zook argues that the ALJ erroneously assessed Zook's residual functional capacity for two reasons. First, Zook argues that the ALJ failed to set forth a narrative discussion as required by

Social Security Ruling 96-8p, including Zook's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis. Secondly, Zook argues that the ALJ's residual functional capacity assessment was not supported by substantial evidence because it was without medical basis.

Regarding Zook's first argument, Zook claims that the ALJ failed to set forth a narrative discussion describing how the evidence supported each conclusion, "failed to discuss the Plaintiff's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis," and "failed to describe the maximum amount of each work-related activity" Zook could perform. (Pl.'s Br. at 10-11.) Each of these claims is a near replica of the language of Social Security Ruling 96-8p setting forth the narrative discussion requirements of an ALJ's analysis. That ruling regards the assessment of a claimant's residual functional capacity. Social Security Rule 96-8p. That assessment must include a narrative discussion describing how the evidence supports each conclusion by citing specific medical and non-medical facts in the record. Id. In so doing, the ALJ must engage in a function by function analysis, discussing the claimant's functional limitations discernable from the relevant evidence in the record. Id. In other words, the form of the ALJ's analysis is that the ALJ examines the relevant evidence in the record, determines from that evidence whether the claimant has any

20

functional limitations, and, if any functional limitations are found, the ALJ must factor those limitations into the residual functional capacity assessment. See id.

Here, the ALJ adequately followed the form of the analysis required by Social Security Ruling 96-8p. The ALJ discussed Zook's own testimony and concluded that Zook's "demeanor during the hearing [was] consistent with the limitations established in his residual functional capacity" but that Zook's testimony was "slightly exaggerated and only partially credible," given the reports contained in his medical records. (R. at 13.) The ALJ explained that he "made reductions" in determining the claimant's RFC due to his demeanor as a witness. (R. at 13.) The ALJ took into account Zook's testimony regarding his drop foot, his difficulty climbing stairs, the fact he wears a brace and uses a bone stimulator three hours a day, that he was advised by his physician not to lift more than ten pounds, and that he cannot sit for long periods of time. (R. at 12.)

The ALJ also discussed Zook's medical history, thoroughly examining the medical evidence in the record. (R. at 12-13.) He reviewed Zook's injuries, his surgeries, the complications that occurred, his progress in physical therapy, his reports of pain, and his weight gain since the accident. (R. at 12.) He also gave significant weight to the state agency's medical opinion, but found "the claimant's hip problems may result in more restrictive

21

functional limitations than those established by the State agency consultant." (R. at 13.)

The ALJ did all of this through a narrative discussion. He took into account the activities that Zook can and cannot do, and the amount of time he could sit or stand. (R. at 11.) He also took into account that Zook may need the option to sit or stand. Id. Therefore, the Court disagrees with Zook's first argument and finds that the ALJ fully complied with Social Security Ruling 96-8p.

Zook next argues that the ALJ's residual functional capacity assessment was not supported by substantial evidence because it was without medical basis. Zook points out that though the ALJ stated that he was according significant weight to the state agency medical opinion, the ALJ did not adopt the majority of the limitations found in the report. (Pl.'s Br. at 11.) What Zook fails to mention is that the ALJ specifically stated that he found Zook's "hip problems may result in *more* restrictive functional limitations than those established by the State agency consultant," and therefore the ALJ added more limitations to Zook's RFC than were provided in the opinion. (R. at 13.)(emphasis added). As noted by Defendant, the ALJ gave *more* deference to Zook in assessing his RFC, which favored Zook's disability claim. (Def.'s Br. at 17.) Moreover, the ALJ's modification to the state agency physician's RFC assessment demonstrates that the ALJ took into

22

consideration the records from Zook's treating physicians and did not blindly accept the state agency's recommendation. This is exactly the kind of thorough analysis that the regulations require, and consequently, Zook's argument is without merit.

In the instant case, it is clear to the Court that the ALJ considered the entirety of the medical record and his opinion is supported by substantial evidence. The ALJ properly accounted for all the impairments suffered by Zook, the medical evidence within the record, the opinions of qualified medical sources, and the subjective complaints by Zook. The ALJ made note of all significant medical records, and he noted both Zook's progress and setbacks following his automobile accident. Accordingly, the Court FINDS that the ALJ's RFC assessment is supported by substantial evidence and was based on a correct application of the relevant law.

### D. **Conclusion**

The ALJ fully developed the record in this case, and the ALJ's assessment of Zook's residual function capacity is supported by substantial evidence. In affirming the final decision of the Commissioner, the Court does not suggest that Zook is free of all pain and discomfort, or that Zook's life activity level has not been drastically limited by the injuries he suffered in May 2007. Indeed, the medical record, as well as the plaintiff's own testimony, suggest that Zook's injuries, which are exacerbated by

exacerbated by his obesity, continue to cause him pain and frustration. However, the Court must agree that the ALJ's finding that Zook has the residual functional capacity for sedentary work with an alternating sit or stand option is supported by substantial evidence in the medical record.

## V. RECOMMENDATION

For the foregoing reasons, the Court recommends that the final decision of the Commissioner be UPHELD, that the defendant's Motion for Summary Judgment be GRANTED, and that the plaintiff's Motion for Summary Judgment be DENIED. Accordingly, the Court recommends that the case be DISMISSED.

## VI. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1):

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of

recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140, 153-54 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433, 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).

United States Magistrate Judge

Norfolk, Virginia
February 25, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Scott Bertram Elkind, Esq.
Elkind & Shea
801 Roeder Rd., Suite 550
Silver Spring, MD 20910
Counsel for Plaintiff

Virginia Lynn Van Valkenburg, Esq.
Office of the United States Attorney
World Trade Center
101 W. Main Street, Suite 8000
Norfolk, Virginia 23510
Counsel for Defendant

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

February 25, 2010